NICHOLAS MICHELSON v. ALIDA MICHELSON.

182 So. 225.
Division B.
Opinion Filed June 8, 1938.
Rehearing Denied July 6, 1938.

*A. N. Spence,* for Appellant;
*Carr & Carr,* for Appellee.

PER CURIAM.—After the husband had obtained a divorce from his wife on April 24, 1937, decree recorded May 29, 1937, upon publication of process as notice to the defendant's wife, a non-resident of this State, and a decree *pro confesso* against her and testimony taken by a special master,

the divorced wife by counsel moved on October 8, 1937, to vacate and set aside the final decree, the decree *pro confesso* and the order of reference, "and to put this case back under the rules and permit the defendant (movant) to file instanter her answer to the bill of complaint filed in said cause, a copy of the proposed answer to be filed being attached and made a part" of the motion.

An appeal was taken November 19, 1937, from the final decree of divorce and from the order denying the motion to vacate rendered November 19, 1937.

The principal grounds of the motion to vacate were in effect, "that the Court had no jurisdiction in that neither plaintiff nor the defendant was a resident of Florida at the time of the filing of said bill of divorce and that plaintiff, although he may have resided in the State of Florida ninety (90) days prior to the filing of said divorce, established a temporary residence here for the purpose of obtaining a divorce and did not intend to make Florida his residence, * * *"; and "that the court had no jurisdiction over the defendant at the time it entered said divorce decree for the reason that the plaintiff falsely swore that he did not know the place of residence of the defendant and fraudulently caused an order of publication to be made in said cause stating that the residence of the defendant was unknown; * * *." The motion to vacate further alleged that petitioner used due diligence upon learning of the divorce and that she had a good defense to the bill for divorce on its merits.

Much evidentiary matter is included in the motion to vacate, which motion is verified by oath. By answer under oath to the motion to vacate the divorce proceedings, the divorced husband controverts matters stated in the motion.

Testimony was taken before the same Circuit Judge who granted the divorce, and he rendered the following decree on the motion to vacate: "This cause coming on this day

to be heard upon the motion of the defendant for an order vacating the final decree of divorce heretofore filed in this cause, and the court having considered the same and having heard the evidence for and against said motion, and being fully advised in the premises, it is thereupon, ordered, adjudged and decreed that said motion to vacate said final decree of divorce be and the same is hereby ratified, and said final decree of divorce be and the same is hereby approved and confirmed in all respects."

There is substantial evidence to support the decree of divorce; and the evidence taken before the chancellor is sufficient to show the court had jurisdiction to render the divorce decree. It is not made clearly to appear on the whole record that either of the decrees is erroneous.

Affirmed.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.